IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIMBERLY DAY-LEWIS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al. | : | NO. 12-2638 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                             January 15, 2015

Plaintiff has filed a motion for costs and attorneys' fees associated with a settlement conference I conducted on January 16, 2014, arguing that Defendants failed to participate in the settlement conference in good faith. Defendants oppose the motion, arguing that they prepared for the conference and participated in good faith and that their failure to settle the case does not give rise to sanctions. For the reasons that follow, I will deny Plaintiff's motion.

On May 15, 2012, Plaintiff filed this action against her employer for age, race, and gender discrimination and retaliation. See Doc. 1. The Honorable L. Felipe Restrepo referred the case to me to hold a settlement conference.[1] Originally, based on the scheduling order issued by Judge Restrepo, I scheduled the settlement conference for

---

[1] The case was originally assigned to the Honorable Eduardo Robreno. However, upon Judge Restrepo's elevation to the District Court, the case was reassigned to him. See Doc. 31.

November 19, 2013.[2]  Doc. 36.  My conference order required each side to submit a confidential memorandum and that counsel exchange settlement demand and offer prior the conference.  On October 25, 2013, Plaintiff's counsel advised the court of a conflict that occurred in her schedule.  Defense counsel agreed to rescheduling the conference to January 6, 2014.  See Doc. 59.

On December 18, 2003, more than two weeks prior to the rescheduled conference, defense counsel contacted the court, asking for a short postponement of the conference.[3]  I held a telephonic conference with counsel for both sides.  The defense sought a short postponement to further prepare for the conference to be able to meaningfully assess their position and participate in the conference in good faith.  At that point, Plaintiff had not yet made a demand, nor the defense any offer.  Plaintiff's counsel objected to the postponement because it would require altering travel plans that had already been made (requiring the incursion of additional expenses).  In light of the fact that Plaintiff and Defendant had not yet exchanged demand and offer and in the hopes of a productive settlement conference, I granted a short postponement.  Because both sides requested a full day's conference, I rescheduled the case for January 16, 2014, the first full day I had available.  Doc. 60.

---

[2] The settlement conference was scheduled to follow the briefing on summary judgment motions, which were due on September 23, 2013, with responses due October 22, and replies on October 29, 2013.  Doc. 35.

[3] Prior to receiving defense counsel's call, my chambers had reached out to counsel on December 18, 2013, to alert them to a conflict in the court's schedule requiring a new date.

Prior to the conference, both sides provided me with the required confidential memorandum, and the parties exchanged a demand and offer. I convened the conference on January 16 at 9:30 a.m. Plaintiff appeared and was represented at the conference by Dawn Mistretta and Stanley Green. Assistant U.S. Attorneys Gerald Sullivan and Richard Bernstein and Assistant General Counsel from the Equal Employment Opportunity Commission John Sherlock III appeared for the defense. Ultimately, after the day's discussion, the case did not resolve. On January 28, 2014, Plaintiff filed this motion for costs and attorneys' fees attributable to the settlement conference.

Federal Rule of Civil Procedure 16 governs the pretrial management of cases in the federal courts. Rule 16 also provides for sanctions when counsel, a party, or both, fail to abide by the orders of the court or fail to appear at a scheduling or other pretrial conference. The Third Circuit has discussed the purpose, scope, and breadth of the rule.

> Rule 16 governs the scheduling and management of pretrial conferences. The purpose of the rule is to provide for judicial control over a case at an early stage in the proceedings. The preparation and presentation of cases is thus streamlined, making the trial process more efficient, less costly, as well as improving and facilitating the opportunities for settlement. Accordingly, Rule 16(a) provides that the court may, in its discretion, direct the attorneys or parties to appear before it for pre-trial conferences "for such purposes as . . . facilitating the settlement of the case." If a party fails to obey a scheduling or pretrial order, or fails to participate in good faith in a scheduling or pretrial conference, a judge "may make such order with regard thereto as are just" and require the offending party "to pay reasonable expenses incurred because of noncompliance with this rule . . . unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f). Thus, Rule 16 authorizes the courts to require parties to attend conferences for the purpose of

3

> discussing settlement and impose sanctions if they fail to participate in good faith.

Newton v. A.C. & S., 918 F.2d 1121, 1126 (3d Cir. 1990).

When faced with a motion for sanctions based on unsuccessful settlement discussions similar to the one now before this court, my colleague, the Honorable Martin C. Carlson of the Middle District of Pennsylvania, reviewed a plethora of contingencies giving rise to sanctions related to settlement discussions under Rule 16.

> Rule 16 expressly authorizes imposition of sanctions where parties fail to comply with scheduling orders setting settlement conferences by failing to timely and properly file settlement memoranda, Grant v. Omni Health Care Systems of NJ, Inc., No. 08-306, 2009 WL 315322 (D.N.J. Sept. 24, 2009), or by failing to adequately prepare for such conferences. Univ. of Pittsburgh v. Varian Med. Sys., Inc., 07-491, 2008 WL 1774115 (W.D. Pa. Apr. 17, 2008). Furthermore, Rule 16 also permits the imposition of sanctions where a party's failure to disclose its true settlement posture to the court in a timely fashion leads to the unnecessary scheduling of settlement conferences and proceedings. Karhuta v. Boardwalk Regency Corp., No. 06-4902, 2007 WL 2825722 (E.D. Pa. Sept. 27, 2007). In such instances courts typically have only sanctioned parties when the parties "did not notify the court beforehand that a settlement conference at this time would be a futile act, thereby wasting the limited time, financial resources and energies of the court and [other parties at the settlement conference]," [Id.,] 2007 WL 2825722, at *4 (citations omitted) and have held that parties "knowing that they did not possess any additional authority following the initial conference, should have notified the court before the second conference of their position." Id. at *6. In contrast, where a party's conduct consists of simply adopting a fixed, inflexible position in settlement talks, and that fixed position is timely communicated to others, sanctions are not appropriate since sanctions cannot be used as a vehicle for pressing parties to surrender honestly held convictions on the merits of litigation. See Avance v. Kerr-McGee Chemical, LLC., No. 04-206,

4

> 2006 WL 4402359 (W.D. Tex. Mar. 21, 2006) (no sanction imposed where defense counsel timely notified plaintiff's attorney of limited settlement authority). Thus, while the court has no authority to require a party to settle his or her case, Rule 16 demands candor of parties in this setting. It requires timely, fulsome and candid communications from parties, communications and candor which are essential to avoid unnecessary scheduling and pointless preparation for the parties and the court.

Adams v. Corrections Corp. of Am., No. 10-259, 2011 WL 4974198, at *5-6 (M.D. Pa. Oct. 18, 2011).

Plaintiff argues that Defendants' failure to increase their offer during the January 16 settlement conference amounts to bad faith negotiating. Doc. 65 at 3. Plaintiff concedes that Defendants conveyed their offer prior to the conference. Id. As Defendants note, much of the day was spent in private/ex parte sessions, wherein I took turns speaking with each side. In my judgment, both sides were candid in their evaluation of the strengths and weaknesses of their cases that led them to their respective settlement positions.[4] Mssrs. Bernstein and Sullivan attended the conference together with Mr. Sherlock, who had settlement authority from the EEOC. Although it was anticipated at the December 18 teleconference that the extra preparation time Defendants requested would allow the defense to engage in further negotiation, each party is entitled to its settlement position and it is inappropriate for the court to utilize sanctions to coerce a defendant to surrender its honest valuation of the case.

[4]In deference to the confidentiality of settlement discussions, I will not disclose the content of the discussions.

At this point, Judge Restrepo has denied Plaintiff's motion for partial summary judgment and granted a substantial portion of Defendants' motion for summary judgment, allowing Plaintiff to proceed with only her gender discrimination claim on a limited basis, and her retaliation claim on a limited basis. See Docs. 76 & 77. In the settlement discussions that have taken place since Judge Restrepo's summary judgment decision, Plaintiff and her counsel have participated via phone or video-teleconference, limiting additional expenses devoted to settlement discussions. Both sides have continued good faith negotiations in an attempt to resolve the case.

In short, defense counsel complied with the court's orders regarding settlement, advised the court more than two weeks prior to the conference that additional time was needed to assess the case, attended the conference with settlement authority, and despite the parties' inability to reach agreement, Defendants have acted in good faith in their negotiations during the initial conference and in our subsequent discussions. Therefore, I will deny the motion for costs and fees. An appropriate order follows.